**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1723-18T1

MIDDLESEX COUNTY
SHERIFF'S OFFICER
THALIA TRETSIS,

 Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

 Respondent-Respondent.

_____

Submitted May 18, 2020 – Decided June 24, 2020

Before Judges Rothstadt and Mitterhoff.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury.

C. Elston & Associates, LLC, attorneys for appellant (Catherine Mary Elston, of counsel; Catherine Mary Elston and Cathlene Y. Banker, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of

counsel; Porter Ross Strickler, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Thalia Tretsis appeals from a November 8, 2018 final administrative determination of the Board of Trustees for the Police and Firemen's Retirement System (the Board) that upheld its prior decision to hold Tretsis' application for retirement disability benefits in abeyance until a separate action she filed, contesting her removal, was fully adjudicated.

Tretsis was injured on the job while working as a sheriff's officer in the Middlesex County Sheriff's Office (MCSO). Thereafter, she was suspended and removed from her position, after the MCSO determined she was unable to perform the essential duties of her job.

Tretsis filed an application seeking to recover accidental disability retirement benefits from the Police and Firemen's Retirement System (PFRS). She also appealed her removal, and the matter was transferred to the Office of Administrative Law (OAL). The Administrative Law Judge (ALJ) placed the appeal of Tretsis' removal on an inactive case list to allow Tretsis to pursue her benefits application first. The Board determined that it could not decide Tretsis' benefits application until the OAL fully adjudicated her removal appeal. Tretsis

appealed, but the Board upheld its decision.  Having reviewed the record, and in light of the applicable legal principles, we affirm.

I.

We discern the following facts from the record.  Tretsis enrolled in the PFRS on December 20, 2008 when she was hired by the New Jersey Department of Corrections–Adult Diagnostic and Treatment Center.  She changed jobs and became a sheriff's officer at the MCSO in June 2013.  On March 6, 2015, she injured her right knee when she lost her footing and slipped on ice in the parking lot.

In September 2017, Tretsis received a preliminary notice of disciplinary action (NODA) from the MCSO.  It detailed that she was charged for being unable to perform her duties, N.J.A.C. 4A:2-2.3(a)(3); other sufficient cause, N.J.A.C. 4A:2-2.3(a)(12); and being physically unfit for duty, in violation of Sheriff's Office Rule and Regulation 3:2.11.  It also contained a statement that the MCSO found she was unable to perform the essential functions of a sheriff's officer.

In accordance with the preliminary NODA, Tretsis was suspended and removed from her position.  She requested a departmental hearing, which the

MCSO held on October 25, 2017. Two days later, Tretsis filed a separate application seeking accidental disability retirement benefits from the PFRS.

Tretsis received a final NODA on November 20, 2017, sustaining all charges against her and upholding her removal. On December 1, 2017, she appealed her removal. Later that month, the appeal was transferred to the OAL for a hearing. At a hearing before the ALJ on February 26, 2018, both Tretsis and the MCSO requested that Tretsis' removal appeal be placed on an inactive list so her benefits action could be decided first. The ALJ found this course of action advisable.

On March 20, 2018, a supervisor with the Division of Pensions and Benefits' (the Division) Disability Retirement Section, wrote to Tretsis' attorney, advising her that the Division was holding Tretsis' application for benefits in abeyance pending the resolution of her removal appeal, citing to N.J.A.C. 17:1-6.2(d). That same day, the ALJ placed Tretsis' appeal on the inactive list for six months.

Tretsis' attorney wrote to the Division on March 27, 2018, advising it of the ALJ's order placing the removal appeal on the inactive list and requesting that the Division process Tretsis' benefits application. The Division responded several days later, reiterating its position that it needed to hold the benefits

application in abeyance pending the outcome of Tretsis' removal appeal. It also expressed concern that Tretsis was disputing being unfit to perform her essential job functions in the removal appeal, while at the same time seeking disability retirement benefits based on an alleged disability. Tretsis' attorney responded on April 10, 2018, requesting that the Pension Board attorney review the matter. On May 17, 2018, Tretsis appealed the Division's decision.

The Board sent Tretsis' attorney a letter on July 10, 2018, stating that it was denying the request to process Tretsis' benefits application. In so deciding, the Board again relied on N.J.A.C. 17:1-6.2(d). The Board confirmed that it would take no action until receiving proof that any litigation challenging Tretsis' removal was concluded, including any appeals. On August 23, 2018, Tretsis appealed the Board's decision.

On November 8, 2018, the Board issued a final administrative decision on Tretsis' appeal of its decision to hold her benefits application in abeyance and affirmed its prior ruling. Relying on N.J.A.C. 17:1-6.2(d), it again concluded that it could not process Tretsis' benefits application until her removal appeal was fully adjudicated. In support of its position, the Board also cited to our decision in Ensslin v. Board of Trustees, Police & Firemen's Retirement System, 311 N.J. Super. 333 (App. Div. 1998). The Board explained that we stated that

matters involving employment rights must be settled before benefits applications can be considered. Finally, it concluded that it would be inappropriate to consolidate Tretsis' benefits application with her appeal, as the matter was uncontested. Thus, the Board upheld its prior decision to hold Tretsis' benefits application in abeyance until it received sufficient evidence that her removal action had been fully adjudicated. This appeal ensued.

On appeal, Tretsis raises the following arguments:

> [I.] THE BOARD ACTED ARBITRARILY, CAPRICIOUSLY, AND UNREASONABLY IN CONCLUDING THAT IT IS REQUIRED TO HOLD [TRETSIS'] APPLICATION FOR ACCIDENTAL DISABILITY RETIREMENT IN ABEYANCE UNTIL THE PENDING APPEAL OF HER REMOVAL BEFORE THE CIVIL SERVICE COMMISSION IS FULLY RESOLVED.
>
> A. THE BOARD MISINTERPRETED N.J.A.C. 17:1-6.2(d) AS IMPOSING A PER SE PROHIBITION AGAINST THE PROCESSING OF A MEMBER'S DISABILITY RETIREMENT APPLICATION WHERE THERE IS PENDING LITIGATION PERTAINING TO THE MEMBER'S EMPLOYMENT.
>
> B. THE BOARD MISINTERPRETED THE HOLDING IN ENSSLIN[.]
>
> C. CONTRARY TO THE SUGGESTION OF THE BOARD, THE PROCESSING OF [TRETSIS'] DISABILITY RETIREMENT APPLICATION IS NOT BARRED BY THE DOCTRINE OF JUDICIAL ESTOPPEL.

We address each argument in turn.

## II.

"The judicial capacity to review administrative agency decisions is limited." Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). Generally, we will "intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or with other State policy." George Harms Constr. Co. v. N.J. Tpk. Auth., 137 N.J. 8, 27 (1994). Only if "the agency's action was arbitrary, capricious, or unreasonable" should it be disturbed. Brady, 152 N.J. at 210.

When we "review . . . an agency's interpretation of statutes within its scope of authority and its adoption of rules implementing its enabling statutes, we afford the agency great deference." N.J. Soc'y for the Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 385 (2008); TAC Assocs. v. N.J. Dep't of Envtl. Prot., 202 N.J. 533, 541 (2010) ("[I]nterpretations of [a] statute and cognate enactments by agencies empowered to enforce them are given substantial deference in the context of statutory interpretation."); In re Agric., Aquacultural, & Horticultural Water Usage Certification Rules, N.J.A.C. 7:20A-1.1 et seq., 410 N.J. Super. 209, 222 (App. Div. 2009). "Such deference is appropriate because it recognizes that 'agencies have the specialized expertise

7

necessary to enact regulations dealing with technical matters and are "particularly well equipped to read . . . and to evaluate the factual and technical issues that . . . rulemaking would invite."'" In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489 (2004) (alterations in original) (quoting N.J. State League of Municipalities v. Dep't of Cmty. Affairs, 158 N.J. 211, 222 (1999)). However, although we afford great deference to an agency's interpretation, we are not bound by its interpretation of a statute or a legal issue. Mondsini v. Local Fin. Bd., 458 N.J. Super. 290, 297 (App. Div. 2019).

III.

Tretsis first argues that the Board misconstrued N.J.A.C. 17:1-6.2(d). She argues that the regulation does not absolutely bar the Board from processing her benefits application while her removal appeal is pending. We disagree.

In order for an employee to recover disability retirement benefits under the PFRS, the employee must be

> permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his [or her] regular or assigned duties and . . . such disability [must not have been] the result of the member's willful negligence and . . . such member [must be] mentally or physically incapacitated for the performance of his [or her] usual duty and of any other available duty in the department which his [or her] employer is willing to assign.

[N.J.S.A. 43:16A-7(a)(1).]

N.J.A.C. 17:1-6.2, entitled "Indictments, dismissals, litigation, or appeals," provides, in relevant part,

> (a) When a member is subject to criminal charges . . . or dismissed from public employment due to administrative charges, the matter shall be referred to the Board Secretary's office to determine the status of any claim, which may be filed by the member.
>
> . . . .
>
> (c) No claims for retirement or death benefits can be processed until the matter has been fully adjudicated and completely resolved to the satisfaction of the Board of Trustees, pursuant to N.J.A.C. 17:1-1.13(a)(4). Resolution of these charges must be verified by contact with the County Prosecutor's Office, the Attorney General's Office, the Department of Education, the Civil Service Commission, the employer, or other responsible agencies.
>
> (d) Likewise in cases where anything pertaining to a member's employment is in litigation, or under appeal, the matter shall be held in abeyance until the Division determines if claims can be processed or whether the processing of such claims are to be postponed pending a final resolution of the litigation or appeal.

Statutes are to be construed in light of their "object and the nature of the subject matter, the contextual setting, and the statutes in pari materia." Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 45 (2008) (quoting State v. Brown, 22 N.J. 405, 415 (1956)).

9

We conclude that the Board properly declined to process Tretsis' application for accidental disability retirement benefits. The term "likewise" used in N.J.A.C. 17:1-6.2(d) points us to the section that precedes it. N.J.A.C. 17:1-6.2(c) directs us to consider whether a "matter has been fully adjudicated and completely resolved to the satisfaction of the Board of Trustees, pursuant to N.J.A.C. 17:1-1.13(a)(4)." N.J.A.C. 17:1-1.13(a)(4) provides, "If a retirant is receiving a retirement benefit, the Boards may suspend retirement benefits pending the outcome of charges including, . . . [a]n administrative or disciplinary action." (Emphasis added).

Based on a plain reading of these provisions, we find that the Board was permitted to delay the processing of Tretsis' benefits application until her removal appeal is fully adjudicated. N.J.A.C. 17:1-1.13(a)(4) grants the Board the authority to withhold retirement benefits where charges have been filed against a retirant, and an administrative or disciplinary action is pending. Here, the MCSO charged Tretsis with being unable to fulfill her job duties under three regulations and terminated her employment based on findings that she could not perform the essential functions of a sheriff's officer. Tretsis chose to contest her termination before seeking disability retirement benefits, and her disciplinary action is still pending. As such, the Board may hold her benefits application in

10

abeyance, as her status as a disabled employee is still in dispute. See N.J.A.C. 17:1-6.2(c) and (d).[1] We defer to the Board's interpretation of N.J.A.C. 17:1-6.2(d), as its interpretation was not arbitrary, capricious, or unreasonable. See Brady, 152 N.J. at 210; see also N.J. Soc'y for the Prevention of Cruelty to Animals, 196 N.J. at 385; In re Freshwater Wetlands Prot. Act Rules, 180 N.J. at 489.

Next, Tretsis argues that the Board misinterpreted our decision in Ensslin, 311 N.J. Super. 333, to bar processing her benefits application while her removal appeal is pending. Her argument is without merit. In Ensslin, we commented,

> [H]ad the issue of [Ensslin's] substantive entitlement to an ordinary disability pension come before the Board while his [employment] litigation was pending, it would have been appropriate and fair for action on the pension application to have been deferred until common questions relating to [his] employment rights were resolved by adjudication.

---

[1] We find further support for the Board's position in the Division's responses to comments made during the public comment period that preceded the enactment of N.J.A.C. 17:1-6.2. In response to specific language that was to be employed in N.J.A.C. 17:1-1.13(a)(4), the Division explained that the statute's intent was to allow "the Boards . . . of the various retirement systems [to] suspend retirement benefits pending the outcome of charges." 41 N.J.R. 277(a) (Jan. 5, 2009). The Division also stated, "If an administrative or disciplinary action is filed by an employing agency, which may . . . impact . . . the member's pension, such actions are usually appealed to the Board . . . of the particular retirement system for a review and determination. . . . Historically, . . . courts refer to these pleadings pending the outcome of official charges." Ibid. (emphasis added).

[Id. at 337.]

As the Board explained in its final administrative determination, Ensslin supports the Board's decision to hold Tretsis' benefits application in abeyance pending the outcome of her removal appeal.

Because we conclude that the Board was authorized to defer consideration of Tretsis' benefits application, the ALJ shall return Tretsis' removal appeal to the active docket to allow for the swift adjudication of the appeal and subsequently, a decision on Tretsis' application for disability retirement benefits.

To the extent we have not addressed any of Tretsis' remaining arguments, we find that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1723-18T1